Filed 2/4/21  P. v. Paz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VERONICA PAZ,<br><br>    Defendant and Appellant. | G058357<br><br>(Super. Ct. No. 03CF3338)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael A. Leversen, Judge.  Reversed and remanded.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Appellant Veronica Paz challenges an order denying her petition for resentencing under Senate Bill No. 1437 (SB 1437), which restricts the scope of vicarious liability for the crime of murder. The trial court ruled this restriction unlawfully amended Proposition 7 and Proposition 115 in violation of the California Constitution. At the time the trial court rendered its decision, in September 2019, the constitutionality of SB 1437 was an open question. However, since then, this court, and every other appellate court that has considered the issue, has consistently upheld SB 1437 against claims it violates the state Constitution. Thus, it is hardly surprising no respondent's brief was filed in this appeal. That doesn't mean appellant wins hands down, but since we have not been provided any reason to depart from the tide of precedent on the issue, we find SB 1437 to be a constitutional legislative enactment. Therefore, we reverse the trial court's ruling to the contrary and remand for further proceedings.

## DISCUSSION

In 2006, appellant was convicted by jury of first degree murder for aiding and abetting the shooting death of Diego Gonzalez. On appeal, we reversed the conviction due to instructional error, and appellant subsequently pleaded guilty to murder in the second degree. She is currently serving an indeterminate prison term of 15 years to life for that offense.

Following the enactment of SB 1437 in 2018, appellant petitioned the trial court to vacate her conviction and resentence her pursuant to that measure. Appellant alleged she was entitled to this relief because she did not personally kill Gonzalez, and she could not be convicted of murder under the new rules respecting vicarious liability that were ushered in by SB 1437.

The district attorney opposed the petition on two grounds. He argued first that SB 1437 violates the California Constitution by amending Proposition 7 and Proposition 115 without voter approval. In the alternative, the district attorney argued that even though SB 1437 narrowed the scope of accomplice liability for the crime of

2

murder, appellant's conviction was proper because she was a major participant in the killing and acted with reckless indifference to Gonzalez's life. The trial court denied appellant's petition on the first basis, without considering the second. It did not believe SB 1437 was constitutional, due to the various changes it made to the law of murder in this state.

However, as we noted at the outset, this position has never gained traction in this or any other appellate court. In fact, to date, no published Court of Appeal decision has found SB 1437 unconstitutional on the basis it contravenes the objectives of Proposition 7 or Proposition 115. (See *People v. Lombardo* (2020) 54 Cal.App.5th 553, 561; *People v. Lippert* (2020) 53 Cal.App.5th 304, 314; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55; *People v. Prado* (2020) 49 Cal.App.5th 480, 492; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, rev. granted on other grounds, July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 277 (*Gooden*); *People v. Lamoureux* (2019) 42 Cal.App.5th 241.)

The reason is simple. As our colleagues in the first division of this appellate district have rightly observed, the voters who approved Propositions 7 and 115, "got, and still have, precisely what they enacted – stronger sentences for persons convicted of murder and first degree felony-murder liability for deaths occurring during the commission or attempted commission of specified felony offenses. By enacting [SB] 1437, the Legislature has neither undermined these initiatives nor impinged upon the will of the voters who passed them." (*Gooden, supra*, 42 Cal.App.5th at p. 289.) Therefore, SB 1437 does not amount to an unconstitutional overreach by the Legislature. (*Ibid*.)

3

That being the case, we agree with appellant that the trial court erred in denying his petition for resentencing on constitutional grounds. Having received no respondent's brief in this matter, we continue to stand by our prior decisions upholding SB 1437 as a valid legislative enactment.

## DISPOSITION

The trial court's order denying appellant's petition for relief pursuant to SB 1437 is reversed, and the matter is remanded for the court to consider the merits of the petition.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


GOETHALS, J.

4